### N. Y. COMMON PLEAS.

JOHN P. HIGGINS, appellant, agt. THOMAS J. CHRICHTON and others, respondents.

*Causes of action which may not be united in the same complaint—Code of Civil Procedure, section 484.*

The plaintiff, as assignee of judgments against A., brought suit to set aside two chattel mortgages made by A., upon his personal property to two persons, who were joined with him as defendants, which liens and a general assignment to another defendant, were claimed to be fraudulent. Another defendant, Close, is averred to hold a valid chattel mortgage, the enforced foreclosure of which is asked:

*Held,* that the cause of action for fraud, and that against Close, are improperly joined, as not affecting all the parties to the action.

*General Term, July,* 1882.

*John Brooks Leavitt,* for appellant.

*Augustine M. O'Neil* and *James M. Lyddy,* for respondents.

BEACH, J. — This appeal is from a judgment entered upon decision sustaining the demurrers of certain defendants to the complaint, upon the ground, among others, of improperly uniting causes of action. The plaintiff is assignee of judgments against the defendant Thomas J. Chrichton. Two of the other defendants who demur are alleged to hold chattel mortgages upon the debtor's personal property. These liens, and a general assignment for the benefit of creditors, to another defendant, are sought to be set aside as fraudulent, or in default of that relief, to be postponed to the lien of the plaintiff's judgments. The defendant Close is averred to hold a valid chattel mortgage, and the only relief prayed against him is its enforced foreclosure, and the application of any surplus upon plaintiff's judgments. The cause of action against the defendants other than Close seems to be founded on fraud. The complaint is barren of allegation charging him

with fraudulent action, prejudicial to plaintiff's rights under his judgments, and the validity of his security is not impeached. The causes of action united in this pleading — the one for fraud affecting the assignment and chattel mortgages, the other against Close, the owner of a valid incumbrance — do not affect all the parties to the action, and consequently are not capable of joinder (*Code Civil Pro., sec.* 484). It is not an answer to the objections, that no cause of action is stated against Close. The pleader has assumed to allege one, and cannot claim failure for a shield, when the pleading is thus questioned by other defendants. Whether or not a cause of action is set forth against Close, depends upon adjudication by the court. Until so decided its averment must be deemed sufficient.

The judgment should be affirmed, with costs.